**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK WAH SUN YOUNG, | No. 13-17121 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00403-SOM-BMK |
| v. | |
| JEFFREY VRECHEK, as personal representative of James Vrechek, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted August 26, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Mark Young ("Young") appeals from the district court's dismissal of this case

based on his failure to join his brother, Keith Young, a necessary party. Fed. R. Civ.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

P. 12(b)(7); 19. We have jurisdiction under 28 U.S.C. § 1291. Because Young failed to join a required party and cannot do so without defeating diversity, we affirm.[1]

We review a district court's joinder decision for abuse of discretion, but review underlying legal conclusions de novo. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). Young argues that the district court's legal rulings ignore controlling Supreme Court precedent and that Rule 19 is impermissibly jurisdictional, in contravention of Rule 82 of the Federal Rules of Civil Procedure. We reject both arguments.

Young's argument that the district court's ruling was inconsistent with *Lincoln Property Company v. Roche*, 546 U.S. 81 (2005), fails because *Roche* is inapposite to this case. *Roche* concerned diversity jurisdiction under the removal statute, 28 U.S.C. § 1441, not dismissal for failure to join a necessary party under Rule 19. The Court in *Roche* explicitly disclaimed any reliance on Rule 19: "The [plaintiffs] place no reliance on Rule 19," and "it does indeed appear that no absent person, formally or practically, was '[n]eeded for [j]ust [a]djudication.'" 546 U.S. at 90-91 (quoting Fed. R. Civ. P. 19).

Young's argument that dismissals under Rule 19 impermissibly limit the court's jurisdiction fails as well. The district court dismissed the case under Rules 12(b)(7)

---

[1] Young's August 9, 2015 motion for miscellaneous relief is denied as moot.

and 19(b); it did not find that it lacked jurisdiction. *See Roche*, 546 U.S. at 90 ("[Rule 19] address[es] party joinder, not federal-court subject-matter jurisdiction."); *Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of L.A.*, 637 F.3d 993, 1000 (9th Cir. 2011) ("Rule 19(b) requires us to undertake a 'practical examination of [the] circumstances' to determine whether an action may proceed 'in equity and good conscience' without the absent party.") (citation omitted).

We also reject Young's argument that the District of Hawaii Local Rules 7.2 and 54.2 are unconstitutional. Young fails to cite any authority indicating that awards of costs to the prevailing party or decisions without oral argument are unconstitutional.[2]

**AFFIRMED.**

---

[2] Because we affirm the district court's dismissal of the case for failure to join a necessary party, we need not address Young's argument that the district court erred by not granting him summary judgment.